**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICHARD A. BERGER, individually;
BEATRIZ R. BERGER, individually and
as Parents and Next Friends of the
Minor Child, Rachel Ann Berger,
                    *Plaintiffs-Appellants,*

and

MICHAEL J. SAMUEL, individually,
and as Personal Representative of
the Estate of Alicia F. Samuel, and
a Personal Representative of the
Estate of Mark Samuel, and as
Parent and Next Friend of his
Minor Child, Andrew M. Samuel,
                    *Plaintiff,*

v.                                              No. 00-2287

FORD MOTOR COMPANY, a Michigan
Corporation,
                    *Defendant-Appellee,*

and

THRIFTY RENT-A-CAR SYSTEMS,
INCORPORATED, an Oklahoma
corporation; MARTIN EVERETT
HAMILTON,
                    *Defendants,*

MICHELIN TIRE CORPORATION,
                    *Movant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Paul W. Grimm, Magistrate Judge.
(CA-96-2155-WMN)

Argued: February 26, 2004

Decided: April 28, 2004

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Cary Johnson Hansel, III, JOSEPH, GREENWALD &
LAAKE, P.A., Greenbelt, Maryland, for Appellants. Robert Toland,
II, CAMPBELL, CAMPBELL, EDWARDS & CONROY, Wayne,
Pennsylvania, for Appellee. **ON BRIEF:** Andrew E. Greenwald, Ste-
ven M. Pavsner, JOSEPH, GREENWALD & LAAKE, P.A., Green-
belt, Maryland, for Appellants. Paul F. Strain, Christina Lee Gaarder,
VENABLE, L.L.P., Baltimore, Maryland; William J. Conroy,
CAMPBELL, CAMPBELL, EDWARDS & CONROY, Wayne,
Pennsylvania, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

   This product liability action arises out of a two-vehicle collision
that resulted in the rollover of a Ford minivan. One passenger in the

minivan was killed and several others were severely injured. The minivan passengers or their representatives ("the plaintiffs") sued Ford Motor Company, the manufacturer of the minivan, based on failure to warn of a dangerous condition and other product liability theories. A jury trial was held before a magistrate judge; and, at the close of the evidence, the judge dismissed the plaintiffs' failure-to-warn claim. The jury returned a verdict for Ford on all remaining claims. Certain of the plaintiffs appeal the dismissal of their failure-to-warn claim and four evidentiary rulings. We affirm.

I.

On September 26, 1993, in Eden, Maryland, Richard Berger ("Berger") was traveling north on U.S. Route 13 in a rented 1993 Ford Aerostar minivan. Berger was driving back to New Jersey following a vacation in Virginia with his wife Beatriz, their daughter Rachel, his friends, Michael and Alicia Samuel, and the Samuels' son, Andrew. As Berger approached an intersection, Martin Hamilton, driving a Ford Econoline van, failed to yield the right of way and entered the northbound roadway. Berger performed an emergency avoidance maneuver in an attempt to avoid the accident, steering right and then left. However, the Econoline struck the Aerostar, causing it to spin counter-clockwise and roll over several times. Berger and his wife, Beatriz, were both ejected at least partially from the Aerostar and sustained serious and permanent injuries. Alicia Samuel, who was pregnant at the time of the accident, was killed and her fetus, though delivered alive, died shortly after birth. Michael Samuel, Andrew Samuel, and Rachel Berger also sustained injuries.

On July 12, 1996, the plaintiffs filed an action against Ford as the manufacturer of the Aerostar, Thrifty Rent-A-Car as the agency renting the Aerostar, and Martin Hamilton as the driver of the Econoline. The case went to trial against Ford, with the plaintiffs advancing several product liability theories: defective design, negligent design, and defect based on a failure to warn consumers of the minivan's rollover possibility. The district court (magistrate judge) granted Ford's motion in limine to exclude certain testimony from one of the plaintiffs' experts, Michael A. Kaplan, Ph.D., about accident avoidance maneuver testing. *See Samuel v. Ford Motor Co. (Samuel I)*, 96 F. Supp. 2d 491 (D. Md. 2000). At the close of the evidence, Ford

moved for judgment as a matter of law on the plaintiffs' failure-to-warn claim, and that motion was also granted. The jury returned a verdict for Ford on all remaining claims.

## II.

Following the jury's verdict, the plaintiffs moved for a new trial, asserting that the district court had erred by: (1) dismissing their failure-to-warn claim; (2) admitting the opinion testimony of defense expert, Lee Carr, which was not stated to a reasonable degree of engineering certainty; (3) excluding their expert testimony on accident avoidance maneuver testing; (4) admitting evidence of Carr's rim bending tests; (5) admitting defense testimony regarding evidence of other accidents, and (6) excluding some of their evidence related to their spoliation claim.

The district court saw no grounds for a new trial and denied the motion, explaining that the "issues raised by the Plaintiffs were addressed by the Court in great detail before and during the trial." *Samuel v. Ford Motor Co. (Samuel II)*, 112 F. Supp. 2d 460, 463 (D. Md. 2000). With respect to the plaintiffs' failure-to-warn claim, the court reiterated its previous determination that by the time Berger detected the danger, some sort of serious accident was inevitable and that a warning would not have prevented the accident. Therefore, the plaintiffs could not establish the causation element of their failure-to-warn claim, namely, that the absence or inadequacy of a warning was a proximate cause of the injury. *See Singleton v. Int'l Harvester Co.*, 685 F.2d 112, 116-17 (4th Cir. 1981). The bases for the district court's evidentiary rulings are fully set forth in its opinion denying the motion for a new trial and in its earlier opinion excluding the plaintiffs' expert testimony on accident avoidance maneuver testing. *Samuel II*, 112 F. Supp. 2d 460; *Samuel I*, 96 F. Supp. 2d 491 (D. Md. 2000).

## III.

The Berger plaintiffs appeal. They argue that the district court erred in dismissing their failure-to-warn claim and erred in four of the five evidentiary rulings listed above. (They abandon their challenge to the court's decision to admit defense testimony with respect to evi-

dence of other accidents.) After considering the briefs of parties, their oral arguments, and the joint appendix, we affirm on the reasoning of the district court.

*AFFIRMED*